JOHN B. KEELING *v.* FRANCES E. STOKES *et al.*

1. STAYOR. *Verbal authority. Justice's office.* Verbal authority specially given by a stayor to a justice, though not at his office, or the place where the judgment was rendered, to enter his name as stayor, will, upon such entry being made, bind him.

2. TWO DAYS. Though given after the two days allowed for stay had expired, it will bind the stayor if the plaintiff consented thereto.

FROM BEDFORD.

Appeal from the Chancery Court at Shelbyville. JNO. W. BURTON, Ch.

IVIE & MYERS for complainant.

EDMOND COOPER for defendants.

COOKE, J., delivered the opinion of the court.

On May 19, 1873, respondent, Frances E. Stokes, recovered three judgments against one L. P. Fields, as principal, and Thomas Hart and John Grider, as endorsers, of certain promissory notes, before one Hailey, a justice of the peace, one of said judgments being for $461, and the other two for $346 each, to all of which the name of complainant was entered as stayor. On September 12, 1877, this bill was filed to enjoin the sale of property of the complainant levied upon by virtue of executions issued upon these judgments, upon the alleged ground that the name of complainant had been placed as stayor to said judgments without his authority or consent, and that he was not legally bound as such stayor. The chancellor granted the

relief sought, but the Referees have reported the com-
plainant did authorize his name to be entered as stayor
to said judgments; that he is legally bound as such,
and that the chancellor's decree should be reversed
and the bill dismissed.

There is an irreconcilable conflict between the tes-
timony of the complainant and three other witnesses
who testify as to the transaction, and some apparent
conflict between some of the other witnesses, but the
weight of the testimony, we think, satisfactorily estab-
lishes the following facts: Frances E. Stokes was at
the time a married woman; Fields was solvent.  Some-
time after the two days allowed by law for the stay
of execution had expired—how long does not appear—
the complainant, who was in bad health, was in the
town of Wartrace, where the justice who rendered the
judgments resided and had his office, and was sitting
in his spring wagon at some distance from the justice's
office.  Fields applied to the justice to go with him
to where the complainant was, to see if he would not
stay said judgments for him.  They accordingly went
to where complainant was sitting in his wagon—the
justice taking the warrants in his pocket—where, as is
shown by the weight of the proof, Fields applied to
complainant to stay said judgments, and after some
conversation, in which the number and about the ag-
gregate amounts of the judgments, and the parties in
favor and against whom they were rendered were
stated to him, he reluctantly agreed to stay said judg-
ments, and authorized the justice to sign his name to
the same on his docket as such, and went away.

On the next day or the day after, the husband of the plaintiff, who assumed to act for her, and all the defendants in the judgments, got together at the office of the justice, and the parties all agreeing to accept the complainant as stayor of the judgments for the principal, Fields, his name was then entered as stayor by the justice. The husband of the plaintiff had no special authority from the plaintiff at the time to accept said stay, but she states that she expected him to attend to her business generally, and when she was informed by her husband when he came home that he had accepted complainant as stayor of said judgments, she accepted it and acquiesced in it, and has never, at any time, raised any objection. Such was the conclusion of the Referees upon a very careful analysis of the testimony, and after a thorough investigation of the record and consideration of the evidence, we are entirely satisfied that their conclusions are correct, and hence, have not deemed it necessary to recite or discuss the evidence in detail. But upon the above state of facts, as found by the Referees, it is very earnestly insisted for the complainant, that they erred in their conclusions as to the law applicable to them, and that taking the facts as reported, they are not sufficient to bind the complainant as stayor.

It is insisted, first, that as the time allowed by law for the stay of executions had expired, and as the justice had no authority at the time to accept such stayor, the subsequent consent and acceptance by the plaintiff of said stay, could not have the effect to bind the complainant as such.

By section 3772, of the new Code (T. & S., section 3060), the security for the stay may, with the consent of the plaintiff, be received and entered by the justice at any time before the debt is paid.

Where the security for stay is entered after the two days, the consent of the plaintiff will be presumed in the absence of proof: 1 Hum., 274; 5 Head, 627; 3 Lea, 273.

And where a stayor in the absence of the justice, wrote his name as stayor, after the two days had expired, he was bound by the subsequent assent of the justice and the plaintiff, manifested by their acquiesence: 3 Head, 627. The principle decided in these cases settles this question adverse to the complainant.

It is further contended, however, that the justice had no authority to receive the stay at any other place than his office, and while it is conceded that his office may be for the time being at any place in his county where he tries a cause and renders his judgment, yet it is insisted that he had no authority to receive the stay at any other place except at his regular office, or at the place where he rendered these judgments, and that his acceptance of authority from the complainant at a place away from his office, and where he had not rendered the judgments, to place his name on his docket as stayor of said judgments was void, and conferred no authority upon him to do so, and hence the complainant was not bound thereby. But in the case of *Cheatham* v. *Brien*, 3 Head, 551, it was held that the place where an official act is done by a justice is his office for that particular pur-

pose, no matter where it may be, so that it is within the territorial limits of his jurisdiction.

The acceptance of a stay by a justice is as plainly a judicial act as the rendition of a judgment, for the stay of an execution is, in effect, the confession of a judgment: *Henegar* v. *Mee*, 4 Sneed, 33. And it is not necessary that the stayor should be present before the justice at the time his name is entered upon the docket as such, he having previously authorized it: 4 Sneed, 35; 3 Head, 353, *Id.*, 554; 7 Heis., 292.

An agreement to become stayor made before the justice at a place other than his office, and subsequently entered by him on his docket is valid: *Smith* v. *Hart*, 10 Heis., 468.

These cases have virtually overruled the holding as to this question in the earlier cases of *Hickman* v. *Williams*, M. & Y., 116; *Caperton* v. *Gray*, 4 Yer., 563, and *Barnes* v. *Dick*, 9 Yer., 430.

We hold, therefore, that the verbal authority given by the complainant to the justice, when sought for that purpose, though not at his regular office or the place where the judgments were rendered, to place his name upon his docket as stayor to said judgments, and his so entering it in pursuance of said authority, the subsequent consent and acquiesence of the plaintiff, did render the complainant liable and bind him as such stayor. He has therefore failed to make out a case which entitles him to relief.

The exceptions to the report of the Referees will be disallowed, the report confirmed, the decree of the chancellor reversed, and the bill dismissed with costs.